Dear Senator Hollis:
This office is in receipt of your request for an opinion of the Attorney General in regard to an ordinance in Jefferson Parish relative to removal of signs on public property. You indicate that it is your understanding that this office had previously issued an opinion on the ordinance, but that the enforcement provisions have changed since that opinion. Accordingly, you question whether the ordinance is constitutional pursuant to the new provisions.
In Atty. Gen. Op. No. 92-678 this office was presented with the question of whether the Jefferson Parish ordinance which provided for removal of signs unlawfully placed on parish property was unconstitutional insofar as it provided for a presumption of guilt on the part of the benefactor of the sign. It was noted that the ordinance in question required notice by registered mail to the benefactor forty-eight hours prior to the removal of the sign. Since the signs involved were merely posted, placed or painted unlawfully on parish property and were not major constructions which would require extensive labor and cost to remove, the Jefferson Parish ordinance was found constitutional, with the observation, "Therefore, as long as, in practice, the benefactor may respond informally to the proceedings within forty-eight hours time period, due process requirements are fulfilled." This office then concluded:
 Thus, it is the opinion of this office that a local ordinance which prohibits the placing of signs, markers, etc. on parish property and further authorizes the removal of such signs following notice to the benefactor is not unconstitutional provided that, in practice, the benefactor is given an informal opportunity to be heard.
The present ordinance prohibits erection or maintenance upon public property as enumerated therein of any sign bearing any commercial advertising, and further provides any sign on public property "shall be considered abandoned and therefore subject to immediate removal and disposal by the department of inspection and code enforcement or by the department of parkways as soon as possible after either of those departments is made aware of the location of such signs on public property." The ordinance sets forth that due notice is given by certified letter to all political candidates who qualify, or by placing notice in the application for zoning clearance required for a license for garage sale permittees and operators of businesses, and in license renewals, and further gives notice to the general public by publication in the official journal of the parish that posting on public right-of-ways shall be considered abandoned property subject to immediate removal and disposal.
Accordingly, while there is no notice to the benefactor at time of removal for illegal posting, there is prior notice of the prohibition, but there does not appear to be any opportunity for a later hearing. This distinguishes this ordinance from that of the prior opinion of this office that held the Jefferson Parish ordinance constitutional, and presents different consideration. However, as observed in Atty. Gen. Op. Nos. 92-678 and 90-150 due process is flexible and calls for such procedural protection as the particular situation demands.
In Atty. Gen. Op. No. 97-314, citing Matthews v. Eldridge,424 U.S. 319 (1976), this office set forth the test to evaluate the constitutionality of the due process provisions as follows:
 (1) the private interest affected by the proceeding;
 (2) the risk of erroneous deprivation of that private interest and the value of additional or substitute procedural safeguards; and
 (3) the countervailing governmental interest supporting the use of the challenged procedure.
Additionally, in Atty. Gen. OP. No 90-150 this office observed, "Where the government action effects no deprivation of a constitutionally protected liberty or property interest, however, there is no protection of constitutional due process. Only where the circumstances of the termination involve such deprivation of the liberty or property interest * * * is even notice and an informal hearing required as the procedural form for the personnel action."
Herein it would seem the property interest is minimal, and, there-fore, we would conclude that the present notice in applications for permits or when qualifying as a candidate for office would be sufficient. However, there is no hearing prior to or after removal, and we do not feel due process can be satisfied by simply defining such property as abandoned.
Also, we feel state law should be considered. As pointed out in Atty. Gen. Op. No. 98-406, in the election law R.S. 18:1470
prohibits signs from being displayed on publicly owned property and right of ways, and R.S. 30:2544, in prohibiting littering, extends to prohibit posting on any surface, pole, or stanchion, and includes political campaigns signs. In both provisions there is a requirement for notice to be given, but R.S. 30:2544(B) permits a more restrictive ordinance to be adopted than that in state law.
The state law in prohibiting the posting of campaign signs on public property and right of ways have no provision in regard to procedure for removal of such signs accept insofar as R.S.18:1471 provides for a temporary restraining order "with respect to an allegation of any practice or procedure contrary to the election laws of the state" and requires that "notice is given to the adverse party and an opportunity had for a hearing prior to local, state, or national election affected." However, there is an obvious state interest in removal of the such signs.
Our research has not disclosed any state or federal case which litigates a similar provision, but we recognize that the United States and the Louisiana State constitutions demand due process, and the significant question in the instant matter appears to be the lack of any opportunity for a hearing to retrieve the property. The state's right to remove the illegally posted signs and deterring persons from such future activity is significant, and we conclude justifies the immediate deprivation. However, we feel due process would require there be some provision for a hearing for the owner to retrieve the property if desired, even if a fine is attached.
Accordingly, we find the ordinance valid insofar as the sufficiency of the notice and the immediate removal of the illegally posted signs, but find in order to insure due process there should be a procedure established for a hearing following removal.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General